UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                           )<br>            Plaintiff,                         )<br>                                                           )<br>v.                                                    )<br>                                                           )<br>STEPHEN C. PALMER,                 )<br>                                                           )<br>            Defendant.                      ) | Case No. 2:15-CV-00394-GZS<br><br>STEPHEN C. PALMER'S ANSWER<br>AND AFFIRMATIVE DEFENSES |

Stephen C. Palmer (the "Palmer" or the "Defendant"), by and through his undersigned counsel, hereby submits his Answer and Affirmative Defenses to the Complaint filed by the United States of America (the "Plaintiff"), as follows:

### General Allegations

1. Admitted, upon information and belief.

2. Admitted, upon information and belief.

3. Admitted.

### Count I: To Collect Unpaid 941 and 940 Taxes
### Against Defendant Stephen C. Palmer

4. Defendant restates and incorporates by reference each and every averment of the preceding paragraphs as if set forth at length herein.

5. Admitted in part; denied in part. Defendant admits that a delegate of the Secretary has made assessments against him as a member of Berlin Building Systems, LLC addressed to certain employment taxes. Defendant denies that he is the sole member of Berlin Building Systems, LLC. Upon information and belief, Northern Community Investment Corporation ("NCIC") is a member of Berlin Building Systems, LLC. At all times, relevant to this Complaint, NCIC's agents were responsible for the payment of employment taxes to the IRS

by BBS.  Defendant denies liability based on the taxes, penalties and/or interest identified in this paragraph by Plaintiff.  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of Complaint and therefore denies the same.

6. Denied. The allegations set forth in this paragraph of the Complaint are conclusions of law to which no response is required.  To the extent that any response is required, Defendant denies the allegations set forth in this paragraph.  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of Complaint and therefore denies the same.

7. Denied. The allegations set forth in this paragraph of the Complaint are conclusions of law to which no response is required.  To the extent that any response is required, Defendant denies the allegations set forth in this paragraph.

8. Denied. The allegations set forth in this paragraph of the Complaint are conclusions of law to which no response is required.  To the extent that any response is required, Defendant denies the allegations set forth in this paragraph.

9. Admitted in part; denied in part.  Defendant admits that he has received assessments addressed to at least some of the amounts referenced in paragraph 5 of the Complaint, but denies liability on all amounts referenced therein.  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of Complaint and therefore denies the same.

10. Admitted in part; denied in part.  Defendant admits that he has received assessments addressed to at least some of the amounts referenced in paragraph 5 of the Complaint, but denies liability on all amounts referenced therein and therefore has not paid

Plaintiff $248,208.77. The remaining allegations set forth in this paragraph of the Complaint are conclusions of law to which no response is required. To the extent that any response is required, Defendant denies the allegations set forth in this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part based on its failure to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part based on the statute of limitations.

3. Plaintiff's claims are barred in whole or in part by waiver, equitable estoppel, and/or laches.

4. Plaintiff's claims are barred in whole or in part by recoupment and/or setoff.

5. Plaintiff has improperly placed a lien on property owned by the Palmer Family Realty Trust, which owns real property that previously was owned in whole or in part by the spouse of Stephen Palmer, who was not a member, manager, employee or affiliated in any way with Berlin Building Systems, LLC; Plaintiff has improperly refused to release this nominee lien despite repeated demands.

6. Plaintiff lacks any legal or factual basis to seek to execute against the assets owned by the Palmer Family Realty Trust.

7. Plaintiff's lien placed on property owned by the Palmer Family Realty Trust is invalid and improper.

8. Plaintiff's claims are barred in whole or in part by mistake.

9. Plaintiff's claims against Defendant as "sole member" of Berlin Building Systems, LLC are predicated upon a faulty premise; Defendant is not the sole member of Berlin Building Systems, LLC. Upon information and belief, Northern Community Investment

Corporation ("NCIC") is a member of Berlin Building Systems, LLC. NCIC's agents were responsible for the payment of employment taxes for Berlin Building Systems, LLC to the IRS.

10. Plaintiff's claims are barred by a lack of willfulness or other requisite state of mind.

11. Plaintiff's claims are barred by any other matter constituting avoidance or affirmative defense.

WHEREFORE, Defendant Stephen C. Palmer request the Court to enter judgment in his favor against Plaintiff the United States of America on its requested relief, grant other equitable relief based on Defendant's affirmative defenses, and such other relief as the Court deems just.

Dated: November 25, 2015

*/s/ Daniel J. Murphy*_____
Daniel J. Murphy, Bar. No. 9464
BERNSTEIN SHUR
100 Middle Street, P.O. Box 9729
Portland, ME 04104-5029
Tel: (207) 228-7120
dmurphy@bernsteinshur.com

Attorney for Stephen C. Palmer

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will forward this to Plaintiff's counsel, with hard copy of the same sent to Philip Leonard Bednar, Esq., U.S. Department of Justice, Civil Trial Section, Northern Region, P.O. Box 55, Washington, D.C., 20044.

Dated: November 25, 2015                         */s/ Daniel J. Murphy*